gate they reflect such an appeal to prejudice that the interests of justice would best be served by a new trial.

ESTHER JAMES v. ADAM C. POWELL, JR.—

Concur — Eager, Capozzoli, McNally and McGivern, JJ.; Stevens, J. P., dissents and votes to deny the motion.

ESTHER JAMES v. ADAM C. POWELL, JR.—

Concur — Eager, Capozzoli, McNally and McGivern, JJ.; Stevens, J. P., dissents and votes to grant the motion.

(May 16, 1967)

A. G. A. REALTY CORP. v. BEATRICE ADLER, as Administratrix

Concur — Botein, P. J., Stevens, Steuer, Tilzer and McGivern, JJ.

(May 18, 1967)

JERED CONTRACTING CORP., Respondent, v. NEW YORK CITY TRANSIT AUTHORITY, Appellant.

MEMORANDUM BY THE COURT. Order and judgment striking defendant's affirmative defense and granting plaintiff partial summary judgment, affirmed, with $50 costs and disbursements to respondent. Recovery was properly allowed for work already finished prior to the cancellation of the contract. Subdivision (b) of section 2601 of the Public Authorities Law which provides for cancellation of a contract and disqualification for a period of five years in the submission of bids or entry into contracts with a public authority, specifically delineates the penalty or forfeiture required to be imposed for refusal to testify before a